IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

PARKERSBURG DIVISION

DAVID BRYAN SHUMAN,

        Petitioner,

v.                                       CIVIL ACTION NO.  6:05-cv-00116
                                       (Criminal No. 6:03-cr-00027-01)

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

      Pending before the court is the petitioner's motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence.  This action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  The Magistrate Judge has submitted findings of fact and recommended that the court dismiss the petitioner's § 2555 motion.

      The petitioner has filed objections to the Magistrate Judge's findings and recommendation, but the United States has not.  Because the petitioner has filed objections, the court will review the issues to which the petitioner objects de novo.  *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The court will address each objection in turn.

**I.**      **Ineffective Assistance of Counsel**

      The petitioner objects to the Magistrate Judge's proposed findings as to whether he was a victim of ineffective assistance of counsel based on two grounds: (1) failure to file a direct appeal,

and (2) failure to inform the defendant of potential ex post facto defects in the sentencing. The petitioner's objections are meritless. After extensive briefing requested by the court, and after the Magistrate Judge conducted an evidentiary hearing, the Magistrate Judge determined that the plaintiff had failed to offer satisfactory proof that he requested that his counsel file a notice of appeal. In his objection to the Proposed Findings and Recommendation, the petitioner offers no new evidence or argument related to whether his counsel failed to file a notice of appeal despite the petitioner's request that he do so. After reviewing de novo the Magistrate Judge's proposed findings of fact, the court **ADOPTS** the Magistrate Judge's finding that a preponderance of the evidence indicates that the petitioner did not instruct his counsel to file an appeal following the sentencing hearing. The plaintiff has also failed to show more than a scintilla of evidence that his counsel did not inform him of any ex post facto defects in his sentencing. The record only contains the bald assertions of the petitioner, and the court notes that the petitioner failed to cross examine his former counsel on the issue when Mr. Gillooly testified at the evidentiary hearing. As a result, the petitioner's claim as to ineffective assistance of counsel must fail.

## II.     Ex Post Facto Defect in Previous Sentencing

The petitioner also contends that his counsel failed to allege an ex post facto defect in including various amounts of hypophosphorous in the determination of the petitioners sentence, which additionally violated his right to effective assistance of counsel. Although the petitioner's counsel objected to the inclusion of hypophosphorous as relevant conduct, *see* U.S.S.G. § 1B1.3, his counsel did not object to the inclusion of hypophosphorous as violating the ex post facto clause. The petitioner claims that because hypophosphorous "didn't become a crime in the United States Sentencing Guidelines (USSG) until Nov. 1, 2004" based on Amendment 667, the petitioner's

sentence on March 22, 2004 based on hypophosphorous violated his ex post facto rights. This claim is also meritless.

"In order to proceed on a § 2255 motion based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) cause excusing his procedural default, and (2) actual prejudice resulting from the errors of which he complains.'" *United States v. Maybeck*, 23 F.3d 888, 891 (4th Cir. 1994) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982) (internal citations omitted)). The Fourth Circuit has held that the "cause and prejudice standard applies to cases like [the petitioner's]: collateral challenges to unappealed guilty pleas." *Id.* at 891. The petitioner has not shown cause for his failure to object at the time or on direct appeal.

The petitioner's claim fails for a more fundamental reason: he has failed to articulate a plausible ex post facto defect, and thus cannot prove that he has suffered prejudice. The amendment to which the petitioner refers, *see* U.S.S.G. Supp. to App'x C, Amend. 667, amends U.S.S.G. § 2D1.11 to include hypophosphorous. It does not amend § 2D1.1 – the guideline that provided the petitioner's base offense level for his attempted manufacture conviction based on 21 U.S.C. § 846, and in turn, 21 U.S.C. § 841(a)(1). Base offense levels found in U.S.S.G. § 2D1.11 derive from a separate crime – namely possession of listed chemicals in violation of 21 U.S.C. § 841(c). The amendment that the petitioner cites affected a section that did not apply to the petitioner. Even if it did, commentary to § 2D1.1 indicates that the court may estimate the amount of the substance involved: "[w]here there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." U.S.S.G. § 2D1.1, app. n. 12 (Nov. 5, 2003 ed). Further, "[i]n making this determination, the court may consider, for

example . . . the size or capability of any laboratory involved." U.S.S.G. § 2D1.1, app. n. 12 (Nov. 5, 2003 ed).

Because the petitioner could not have prevailed on an ex post facto claim, he has also suffered no prejudice under *Strickland v. Washington*. 466 U.S. 668, 690 (1984). Moreover, he has not shown that his counsel's advice fell below an objective standard of reasonableness. *Id*. at 690-91.

**III.  Conclusion**

Accordingly, the court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge in the February 5, 2008 Proposed Findings and Recommendation and the October 10, 2006 Proposed Findings and Recommendation, and **DISMISSES** the petitioner's § 2255 motion.

The court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge VanDervort, counsel of record, and any unrepresented party.

ENTER:    March 17, 2008

Joseph R. Goodwin, Chief Judge

-4-